IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-42-FL-1
No. 7:19-CV-3-FL

| | |
|---|---|
| LEE ANTHONY BRAGGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 602), and respondent's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE 617). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R") (DE 631), wherein it is recommended that the court deny petitioner's motion and grant respondent's motion. Petitioner timely objected. In this posture, the issues raised are ripe for ruling. For the reasons stated herein, petitioner's § 2255 motion is denied, and respondent's motion to dismiss is granted.

## BACKGROUND

Petitioner pleaded guilty pursuant to a written plea agreement on June 18, 2007, to conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846. This court sentenced petitioner to a term of 254 months imprisonment, on May 7, 2008. Petitioner did not appeal.

Petitioner filed the instant motion on January 3, 2019, claiming that a prior state conviction for reckless driving used to enhance his sentence was vacated after petitioner was found to be actually innocent of the state conviction. The government filed the instant motion to dismiss on March 28, 2019, arguing that petitioner's guideline range remains the same without counting petitioner's prior state conviction for reckless driving. The magistrate judge recommends dismissal of the instant petition on the ground asserted by the government.

Petitioner filed objections on March 5, 2020, reiterating his claim for relief and asserting his post-conviction rehabilitation efforts. The court also is in receipt of a character letter, which has been filed under seal.

**DISCUSSION**

A.   Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized

by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.   Analysis

Petitioner objects to the magistrate judge's determination that petitioner is not entitled to a resentencing, arguing that binding case law requires a resentencing because he was sentenced under an erroneously calculated guideline range. The magistrate judge correctly determined, however, that petitioner is not entitled to resentencing because petitioner's guideline range remains the same without the prior state conviction that was vacated. While a petitioner may assert a claim under § 2255 on the basis of vacatur of a predicate prior state conviction, see Custis v. United States, 511 U.S. 485, 497 (1994), a petitioner will be entitled to relief in the form of a resentencing only if the vacatur results in a lower statutory range or advisory guidelines range. See United States v. Pettiford, 612 F.3d 270, 278 (4th Cir. 2010). "[P]etitioner must still meet his burden of showing that his sentence is unlawful on one of the specified grounds [in § 2255], because only after determining that a sentence is unlawful can the district court vacate and set aside the sentence." Id.

Here, according to petitioner's presentence report considered at the sentencing in this case, petitioner's advisory guideline range was 360 months to life, based upon a total offense level of 41 and a criminal history category of III. (Presentence Report ¶ 76). Petitioner had a total of six

3

criminal history points, with four points from prior convictions and two points added for being on probation. (Id. ¶¶ 37-39). Removing the conviction for reckless driving, and the related probation enhancement, results in three criminal history points remaining for a prior conviction for assault with intent to murder. (See id. ¶ 33-34). With three criminal history points, petitioner would still have a total offense level of 41 and a criminal history category II, resulting in the same advisory guidelines sentencing range of 360 months to life. Therefore, petitioner has not demonstrated that vacatur of his prior state conviction results in a lower guidelines range.

Cases cited by petitioner in his objections are inapposite because they involved an advisory guidelines range that was no longer correct in light of the vacatur of a prior state conviction. For example, in United States v. McCrary, 887 F.2d 485, 489 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit observed: "Had the Probation Office not counted the sentence imposed in connection with the assault conviction, it would have placed McCrary in Criminal History Category I, rather than Category II. All other things being equal, this would in turn have yielded an applicable guidelines sentencing range of 63-78 months, rather than the 70-87 month range which the district court ultimately applied." Thus, in McRary, unlike here, not counting a prior predicate conviction resulted in a reduced advisory guidelines range. Accordingly, McCrary is instructively distinguishable.

Likewise, in Molina-Martinez v. United States, 136 S. Ct. 1338, 1342 (2016), the United States Supreme Court observed that "application of an erroneous Guidelines range runs the risk of affecting the ultimate sentence regardless of whether the court ultimately imposes a sentence within or outside that range." Id. (quotations omitted; emphasis added). The stated rule is inapposite here, where the advisory guidelines range is the same regardless of whether the prior state conviction for reckless driving is counted or not.

In sum, where petitioner's sentence was not based upon the application of an incorrect advisory guideline range, in light of vacatur of petitioner's prior state conviction, this court lacks authority to resentence petitioner. In so holding, the court recognizes petitioner's substantial asserted efforts at post-conviction rehabilitation, as well as the character letter submitted on his behalf. While these cannot serve as the basis for resentencing under § 2255, the court commends and encourages petitioner in such rehabilitation efforts.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the M&R (DE 631). Petitioner's motion (DE 602) is DENIED, and respondent's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE 617) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 22nd day of April, 2020.

LOUISE W. FLANAGAN
United States District Judge