IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 7:07-CR-42-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| LEE ANTHONY BRAGGS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's pro se motion to modify presentence investigation report, (DE 647). The government did not respond to the motion.

## BACKGROUND

On June 18, 2007, defendant pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). On May 7, 2008, the court held defendant's sentencing hearing. Defendant's advisory Guidelines range was 360 months to life imprisonment, based upon total offense level 41 and criminal history category III. The criminal history category was based on assessment of six criminal history points: three points assigned to defendant's prior conviction for assault with intent to murder, one point assigned to defendant's prior conviction for reckless driving to endanger, and two additional points assessed because defendant was on probation when he committed the instant offense. The court sentenced defendant to 254 months' imprisonment and five years' supervised release. On September 13, 2013, the court reduced defendant's sentence to 229 months' imprisonment.

On January 3, 2019, defendant filed motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, arguing his sentence is illegal because his state conviction for

reckless driving to endanger has since been vacated. The court denied the motion on April 22, 2020, because removing the vacated state conviction did not alter defendant's final Guidelines range. The court's order recognized, however, that the October 17, 2000, state conviction listed in paragraph 34 of the presentence report has been vacated, and thus defendant's criminal history points should have been three, which in turn reduces the criminal history category to II.[1]

Defendant filed the instant pro se motion to modify presentence investigation report on June 11, 2020. Therein, defendant requests that the court correct his presentence report to show that his criminal history category should be reduced to II, based on three criminal history points.

## COURT'S DISCUSSION

The court lacks jurisdiction to correct defendant's presentence report after sentencing. See Fed. R. Crim. P. 32(f)(1) (providing time period for submission and resolution of objections to presentence report); see also United States v. Kelly, 235 F.3d 1238, 1241 n.2 (10th Cir. 2000); United States v. Shanklin, No. 87-7395, 1988 WL 41128, at *2 (4th Cir. Apr. 28, 1988). Accordingly, to the extent defendant is requesting substantive modification and republication of the presentence report, the instant motion will be dismissed without prejudice.

To the extent defendant is requesting correction of his presentence report for purposes of challenging the information in his Federal Bureau of Prisons ("FBOP") inmate central file, FBOP Program Statement 5800.17 provides that defendant can challenge the accuracy of the information

---

[1] As noted previously, the presentence report assessed one criminal history point for the reckless driving conviction, and two points for committing the instant offense while on probation. If the erroneous reckless driving conviction and resulting probationary sentence are removed, defendant would not have been on state probation at the time he committed the instant offense. Accordingly, vacatur of the state conviction reduces the total criminal history score by three points. (See DE 649 at 3-4).

2

in his central file through the FBOP's administrative procedures. Program Statement 5800.17 provides in relevant part as follows:

> An inmate may challenge the accuracy of Central File materials. Unit staff shall take reasonable steps to ensure the accuracy of challenged information, particularly when that information is capable of being verified. The inmate is required to provide staff with sufficient information in support of a challenge (names of persons to contact, government agency, etc.).
>
> When an inmate provides such information, staff review the alleged error(s) and take reasonable steps to ensure the information is correct.
>
> For example, if an inmate challenges information in the [Presentence Investigation Report, or "PSR"], staff instruct the inmate to prepare a written challenge, which staff then forward to the appropriate U.S. Probation Office (USPO). USPO procedures, however, do not allow changes or addendums to be made to the Presentence Investigation Report after sentencing, since it is a court document.
>
> If the USPO subsequently reports that the challenged information, or some part thereof, is not accurate, staff attach the inmate's inquiry and the USPO response to the challenged document. Staff file this information in the applicable section of the Inmate Central File, and also make a notation on the Inmate Activity Record (BP-A0381) to ensure that future decisions affecting the inmate are not based on discredited information.
>
> When the USPO verifies that the information in the PSR is inaccurate, as claimed by the inmate, staff subsequently review, and, where indicated, correct Bureau-generated reports or data such as the Inmate Load and Security Designation form (BP–A0337), the Custody Classification form (BP–A0388), Progress Report, and any other reports that may have been based on the PSR. Bureau reports, data, or SENTRY transactions should be corrected within a reasonable period of time after identification of any inaccuracy.

See United States Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5800.17, ¶ 11(c), available at https://www.bop.gov/policy/progstat/5800_017.pdf [https://perma.cc/UK3P-8CL6].

In order to assist defendant with correcting his inmate central file, the court hereby CERTIFIES to the Federal Bureau of Prisons and the United States Probation Office that defendant has submitted sufficient evidence to the court to establish that he is factually innocent of the conviction listed in paragraph 34 of his presentence investigation report, and that the state court

has vacated the conviction. Accordingly, paragraphs 34, 37-39, and 76 of the presentence report, although correct at the time of sentencing, now contain the following erroneous information: 1) defendant did not commit the offense set forth in paragraph 34 and should not have been assessed one criminal history point for that offense; 2) defendant should not have been assessed two criminal history points for committing the instant offense while on probation for the reckless driving conviction as stated in paragraph 38; and 3) in light of the foregoing, defendant's total criminal history points would be three, resulting in a criminal history category of II. See U.S.S.G. Ch. 5, Pt. A (2007).

## CONCLUSION

Based on the foregoing, defendant's motion to modify presentence investigation report, (DE 647), is DISMISSED WITHOUT PREJUDICE. The clerk is DIRECTED to transmit a certified copy of this order to the United States Probation officer who completed defendant's presentence report. The court DIRECTS the probation officer to transmit this certified order to Federal Bureau of Prisons staff responsible for defendant's central file.

SO ORDERED, this the 10th day of July, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge